<u>Angela D. Pantoja v. Lisa M. Bechtold, Brian R. Bechtold, and Laurel Springs School</u>
United States District Court for the District of Arizona
Case No. _____

**INDEX OF EXHIBITS TO DEFENDANTS' NOTICE OF REMOVAL**

| Exhibit. | Description |
|---|---|
| **1.** | California Secretary of State Entity Information regarding Laurel Springs School |
| **2.** | State Court Record – Copies of all pleadings, process, and orders served |
| **3.** | State Court Notice of Removal |

# Exhibit 1

**Exhibit 1**



California
*Secretary of State*

Business    UCC

Login

🏠 Home

🔍 Search

📄 Forms

❓ Help

# Business Search

*The California Business Search provides access to available information for* **corporations**, **limited liability companies** *and* **limited partnerships** *of record with the California Secretary of State, with* **free PDF copies** *of over 17 million imaged business entity documents, including the most recent imaged Statements of Information filed for Corporations and Limited Liability Companies.*

*Currently, information for Limited Liability Partnerships (e.g. law firms, architecture firms, engineering firms, public accountancy firms, and land survey firms), General Partnerships, and other entity types are* **not contained** *in the California Business Search. If you wish to obtain information about LLPs and GPs, submit a Business Entities Order paper form to request copies of filings for these entity types. Note: This search is not intended to serve as a name reservation search. To reserve an entity name, select Forms on the left panel and select Entity Name Reservation ? Corporation, LLC, LP.*

### Basic Search

- *A Basic search can be performed using an entity name or entity number. When conducting a search by an entity number, where applicable,* **remove "C"** *from the entity number. Note,* **a basic search** *will search* **only ACTIVE entities** *(Corporations, Limited Liability Companies, Limited Partnerships, Cooperatives, Name Reservations, Foreign Name Reservations, Unincorporated Common Interest Developments, and Out of State Associations). The basic search performs a contains ?keyword? search. The* ~~Advanced search allows for a?start with? ? filter. To search~~

Skip to main content    State

## LAUREL SPRINGS SCHOOL (1778755)  ✕



Request Certificate

| | |
|---|---|
| *Initial Filing Date* | 02/20/1996 |
| *Status* | Active |
| *Standing - SOS* | Good |
| *Standing - FTB* | Good |
| *Standing - Agent* | Good |
| *Standing - VCFCF* | Good |
| *Formed In* | CALIFORNIA |
| *Entity Type* | Stock Corporation - CA - General |
| *Principal Address* | 1615 WEST CHESTER PIKE , SUITE 200 WEST CHESTER, PA 19382 |
| *Mailing Address* | 1615 WEST CHESTER PIKE , SUITE 200 WEST CHESTER, PA 19382 |
| *Statement of Info Due Date* | 02/28/2023 |
| *Agent* | 1505 Corporation 1084 CORPORATE CREATIONS NETWORK INC. 4640 ADMIRALTY WAY 5TH FL MARINA DEL REY, CA 90292 |

| Business | UCC | | Login |
|---|---|---|---|

### *Advanced Search*

- An Advanced search is required when searching for publicly traded disclosure information or a status other than active.

- An Advanced search allows for searching by specific entity types (e.g., Nonprofit Mutual Benefit Corporation) or by entity groups (e.g., All Corporations) as well as searching by ?begins with? specific search criteria.

**Disclaimer:** Search results are limited to the 500 entities closest matching the entered search criteria. If your desired search result is not found within the 500 entities provided, please refine the search criteria using the Advanced search function for additional results/entities. The California Business Search is updated as documents are approved. The data provided is not a complete or certified record.

Although every attempt has been made to ensure that the information contained in the database is accurate, the Secretary of State's office is not responsible for any loss, consequence, or damage resulting directly or indirectly from reliance on the accuracy, reliability, or timeliness of the information that is provided. All such information is provided "as is." To order certified copies or certificates of status, (1) locate an entity using the search; (2)select Request Certificate in the right-hand detail drawer; and (3) complete your request online.

| Laurel Springs School | 🔍 |
|---|---|

Advanced ⌄

Results: 1

## LAUREL SPRINGS SCHOOL (1778755)   ✕



Request Certificate

| | |
|---|---|
| *Initial Filing Date* | 02/20/1996 |
| *Status* | Active |
| *Standing - SOS* | Good |
| *Standing - FTB* | Good |
| *Standing - Agent* | Good |
| *Standing - VCFCF* | Good |
| *Formed In* | CALIFORNIA |
| *Entity Type* | Stock Corporation - CA - General |
| *Principal Address* | 1615 WEST CHESTER PIKE , SUITE 200 WEST CHESTER, PA 19382 |
| *Mailing Address* | 1615 WEST CHESTER PIKE , SUITE 200 WEST CHESTER, PA 19382 |
| *Statement of Info Due Date* | 02/28/2023 |
| *Agent* | 1505 Corporation 1084 CORPORATE CREATIONS NETWORK INC. 4640 ADMIRALTY WAY 5TH FL MARINA DEL REY, CA 90292 |

Skip to main content      State



Business UCC Login

Home
Search
Forms
Help

| | | | | |
|---|---|---|---|---|
| LAUREL SPRINGS SCHOOL (1778755) | 02/20/1996 | Active | Stock Corporation - CA - General | C |

# LAUREL SPRINGS SCHOOL (1778755)

Request Certificate

| | |
|---|---|
| *Initial Filing Date* | 02/20/1996 |
| *Status* | Active |
| *Standing - SOS* | Good |
| *Standing - FTB* | Good |
| *Standing - Agent* | Good |
| *Standing - VCFCF* | Good |
| *Formed In* | CALIFORNIA |
| *Entity Type* | Stock Corporation - CA - General |
| *Principal Address* | 1615 WEST CHESTER PIKE , SUITE 200<br>WEST CHESTER, PA 19382 |
| *Mailing Address* | 1615 WEST CHESTER PIKE , SUITE 200<br>WEST CHESTER, PA 19382 |
| *Statement of Info Due Date* | 02/28/2023 |
| *Agent* | 1505 Corporation<br>1084<br>CORPORATE CREATIONS NETWORK INC.<br>4640 ADMIRALTY WAY 5TH FL<br>MARINA DEL REY, CA 90292 |

© 2022 CA Secretary of State

# Exhibit 2

**Exhibit 2**



Select Language
Powered by Google Translate

# Civil Court Case Information – Case History

## Case Information

Case Number:  CV2022-009420          Judge:     Moskowitz, Frank
File Date:    7/22/2022              Location:  Downtown
Case Type:    Civil

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Angela D Pantoja | Plaintiff | Female | Nicholas Enoch |
| Lisa M Bechtold | Defendant | Female | Pro Per |
| Brian R Bechtold | Defendant | Male | Pro Per |
| Laurel Springs School | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 8/9/2022 | AFS - Affidavit Of Service | 8/16/2022 | |
| **NOTE:** BRIAN R BECHTOLD | | | |
| 8/9/2022 | AFS - Affidavit Of Service | 8/16/2022 | |
| **NOTE:** LISA MARIE TURNER BECHTOLD | | | |
| 8/3/2022 | AFS - Affidavit Of Service | 8/8/2022 | |
| **NOTE:** LAUREL SPRINGS SCHOOL | | | |
| 7/22/2022 | COM - Complaint | 7/25/2022 | |
| **NOTE:** Complaint | | | |
| 7/22/2022 | CSH - Coversheet | 7/25/2022 | |
| **NOTE:** Civil Cover Sheet | | | |
| 7/22/2022 | CCN - Cert Arbitration - Not Subject | 7/25/2022 | |
| **NOTE:** Certificate Of Compulsory Arbitration - Is Not Subject To | | | |
| 7/22/2022 | SUM - Summons | 7/25/2022 | |
| **NOTE:** Summons | | | |
| 7/22/2022 | SUM - Summons | 7/25/2022 | |
| **NOTE:** Summons | | | |
| 7/22/2022 | SUM - Summons | 7/25/2022 | |
| **NOTE:** Summons | | | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
7/22/2022 9:33:29 AM
Filing ID 14594946

1  LUBIN & ENOCH, P.C.
   Nicholas J. Enoch
   State Bar No. 016473
2  Kaitlyn A. Redfield-Ortiz
   State Bar No. 030318
3  Morgan L. Bigelow
   State Bar No. 037516
   349 North Fourth Avenue
4  Phoenix, Arizona 85003-1505
   Telephone: (602) 234-0008
   Facsimile: (602) 626-3586
5  Email: nick@lubinandenoch.com

6  Attorneys for Plaintiff

7  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
   **IN AND FOR THE COUNTY OF MARICOPA**

8

9  Angela D. Pantoja,                          )  No.        CV2022-009420
                                               )
10                 Plaintiff,                   )
                                               )
   v.                                          )
11                                             )
                                               )
12 Lisa M. and Brian R. Bechtold, a married )  **COMPLAINT**
   couple, and Laurel Springs School, a       )
13 California Corporation,                     )  **Tier 2 Discovery**
                                               )
14                 Defendants.                  )
                                               )
15                                             )

16        Plaintiff, Angela D. Pantoja ("Pantoja"), by and through her attorneys at Lubin &

17 Enoch, P.C., brings this action pursuant to the Arizona Minimum Wage Act, A.R.S. §§

18 23-362 to 365 (the "AMWA"), the Fair Wages and Healthy Families Act, A.R.S. §§ 23-

19 371 to 381 (the "FWHFA"), Arizona's common law on good faith and fair dealing, *see,*

20 *e.g., Rawlings v. Apodaca*, 726 P.2d 565, 569 (Ariz. 1986) ("The essence of th[e] duty

21 [that arises from the implied covenant of good faith and fair dealing] is that neither party

22

1

1   will act to impair the right of the other to receive the benefits which flow from their

2   agreement or contractual relationships…"); *Bike Fashion Corp. v. Kramer*, 46 P.3d 431,

3   435 (Ariz. Ct. App. 2002) ("Arizona law recognizes that a party can breach the implied

4   covenant of good faith and fair dealing both by exercising express discretion in a way

5   inconsistent with a party's reasonable expectations and by acting in ways not expressly

6   excluded by the contract's terms but which nevertheless bear adversely on the party's

7   reasonably expected benefits of the bargain."), and Arizona's common law on unjust

8   enrichment. *See, e.g., Trustmark Ins. Co. v. Bank One, Arizona, NA*, 48 P.3d 485 (Ariz.

9   Ct. App. 2002), as corrected (June 19, 2002) ("Unjust enrichment occurs when one party

10   has and retains money or benefits that in justice and equity belong to another").

11   **INTRODUCTION**

12       1.    This lawsuit arises pursuant to the retaliation section of the AMWA, A.R.S.

13   § 23-364; the minimum wage and paid sick time sections of the AMWA, A.R.S. §§ 23-

14   362 to 365; the paid sick time provisions of the FWHFA, A.R.S. §§ 23-371 to 381;

15   Arizona's common law on good faith and fair dealing; and Arizona's common law on

16   unjust enrichment.

17       2.    Plaintiff Pantoja is a former employee of Lisa Bechtold ("Bechtold") and

18   Laurel Springs School ("Laurel Springs", collectively "Defendants").

19       3.    Defendants willfully contravened Pantoja's right to be paid the minimum

20   wage in violation of the AMWA, A.R.S. § 23-363.

21       4.    Defendants systematically denied paid sick leave rights to Pantoja in

22   violation of the FWHFA, A.R.S. § 23-374(a).

2

1    5.    Defendants failed to provide notice to Pantoja of the amount of paid sick

2  time available to her in violation of the FWHFA, A.R.S. § 23-375.

3    6.    Defendants retaliated against Pantoja for lodging a complaint with

4  management about her level of pay in violation of the AMWA, A.R.S. § 23-364.

5    7.    Defendants violated the implied covenant of good faith and fair dealing by

6  hiring additional teachers instead of assigning more students to current teachers. By

7  setting up a system of pay that depended on teachers being assigned students, Pantoja's

8  contract implied that teachers would be assigned a sufficient number of students to

9  compensate them at least the minimum wage for all hours worked.  Defendants' current

10  practice effectively maximized the amount of uncompensated work product Defendants

11  received without requiring them to provide a corresponding increase in teachers' pay.

12    8.    Defendants unjustly enriched themselves at Pantoja's expense. Defendants,

13  specifically the school and Pantoja's department, routinely received a benefit in the form

14  of work products created by and required of Pantoja. Defendants retained these work

15  products for their own future use and failed to compensate Plaintiff for her time and

16  efforts.

17                                   **PARTIES**

18    9.    Pantoja, at the beginning of her employment with Defendants, lived in

19  Cochise County, Arizona. Since approximately September 2021, Pantoja has lived in

20  Larimer County, Colorado.

21    10.    Pantoja was an "employee" of Defendants as that term is defined in A.R.S.

22  §§ 23-350, 23-362(A), and 23-371(F).

11.     Upon information and belief, Lisa M. and Brian R. Bechtold ("the Bechtolds") are wife and husband, constituting a marital community. The acts engaged in, and the omissions made by the Bechtolds, were performed as agents and for the benefit of the marital community.

12.     Upon information and belief, the Bechtolds currently, and during all relevant time periods, have resided in Missoula County, Montana. Lisa Bechtold ("Bechtold") is and was an "employer" as that term is defined in A.R.S. §§ 23-350(3), 23-362(B), and 23-371(G). Bechtold was Pantoja's direct supervisor.  At all times relevant hereto, Bechtold exercised managerial responsibilities and substantial control over the terms and conditions of Pantoja's work. Among other things, Bechtold was primarily responsible for supervising and evaluating Pantoja, assigning and monitoring Pantoja's additional service to benefit the department and school, determining the rate and method of payment by controlling the number of students Pantoja can accept, and maintaining any employment records that may exist.

13.     Bechtold engaged in the conduct listed in ¶12 with respect to Pantoja in furtherance of the interests of Laurel Springs.

14.     Upon information and belief, Laurel Springs is a California Corporation, domiciled in California and headquartered at 1615 West Chester Pike, Suite 200 West Chester, Pennsylvania 19382.

15.     Upon information and belief, Laurel Springs' annual dollar volume of business done is not less than $500,000.

4

16.     Laurel Springs is an "employer" as that term is defined in A.R.S. §§ 23-350(3), 23-362(B), and 23-371(G).

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over the subject matter of this complaint pursuant to Ariz. Const. art. VI § 14 and A.R.S. §§ 12-123 and 23-364.

18.     Venue is proper in this Court pursuant to A.R.S. § 12-401 because a substantial part of the events or omissions giving rise to the claims occurred in this county.

19.     The amount of Pantoja's damages qualifies this matter as a Tier 2 case in accordance with Rules 8(b)(2) and 26(c)(3) of the Arizona Rules of Civil Procedure.

## GENERAL ALLEGATIONS

20.     On or about April 2021, Pantoja began working full time as a Spanish teacher for Defendants. Laurel Springs is a private, online-only school.

21.     Laurel Springs relies on their "highly trained" instructors, like Pantoja, to "provide a learning environment to help students achieve academic and personal goals, with specialized teaching methods designed to promote critical thinking and engage exceptional learners."[1] Teachers are integral to the services Defendants provide.

22.     Throughout the relevant time period, Defendants classified Pantoja as an independent contractor.

---

[1] *The Academy at Laurel Springs School*, Laurel Springs School, https://laurelsprings.com/academics/the-academy-at-lss/, last visited July 7, 2022.

23.     Throughout the relevant time period, Pantoja worked only for Defendants and did not advertise her teaching services independently to the public.

24.     Prior to starting work as a teacher, Defendants paid Pantoja to participate in an online training to familiarize herself with, *inter alia*, the student information system, learning management system and logistics relating to payroll.  The school provides Pantoja and other teachers additional training as necessary.

25.     The Spanish language curriculum was purchased from Stride and is available to students on the Buzz Management System. As the Spanish teacher, Pantoja reviewed, graded, and provided feedback on students' oral and written coursework submissions.  To support student learning, Pantoja was required to and did hold ten (10) office hours each week, responded to all student and parent emails within 24 hours, initiated contact with each student monthly, provided "Bright Spots" or feedback about areas of improvement, and held parent-teacher conferences.

26.     In order to complete her teaching requirements, Pantoja regularly worked between nine (9) and ten (10) hours each workday and ten (10) hours over the weekends.

27.     Upon information and belief, Defendants did not record, or track Pantoja's hours worked in contravention of A.R.S. § 23-364(D) ("Employers shall maintain payroll records showing the hours worked for each day worked, and the wages and earned paid sick time paid to all employees for a period of four years. Failure to do so shall raise a rebuttable presumption that the employer did not pay the required minimum wage rate or earned paid sick time.").

6

28.      Pantoja was an employee of an employer with fifteen (15) or more employees within the meaning of A.R.S § 23-372(A).  Accordingly, Pantoja should have accrued one (1) hour of paid sick time for every thirty (30) hours worked, for a total of forty (40) hours of earned paid sick time per year.  Upon information and belief, Pantoja worked sufficient hours to accrue a total of forty (40) hours of earned paid sick time each year.

29.      Defendants failed to record Pantoja's accrued sick time on pay checks over the course of her employment, violating A.R.S. § 23-375(c).

30.      At no point did Pantoja receive paid sick time off. When it was absolutely necessary to miss a day of work due to illness, she was required to find a fellow Laurel Springs co-worker to substitute for her office hours in contravention of A.R.S. § 23-373(E) ("An employer may not require, as a condition of an employee's taking earned paid sick time, that the employee search for or find a replacement worker to cover the hours during which the employee is using earned paid sick time."). She was required to make up her teaching work as soon as possible.

31.      In addition to her teaching responsibilities, Pantoja was required to do service for the school and her department. Specifically, she was required to record and submit three cultural, grammar related, or topical videos per month for Laurel Springs' online library. Pantoja was required to make herself available to support and mentor any student of Laurel Springs that Defendants sent to her during her office hours, regardless of whether they were enrolled in her classes. Pantoja was also required to participate in monthly department meetings led by Defendant Bechtold, the Academic Department

7

Chair for the World Languages Department, and to contribute to department tasks, such as providing resources for other teachers and for students.  Laurel Springs did not compensate Pantoja for providing these services. These required, unpaid activities added an additional twenty-four (24) to forty (40) hours per month to those hours listed in ¶ 25, *supra*.

32.     Defendant Bechtold was, for all intents and purposes, Pantoja's supervisor. Defendant Bechtold could add or change Pantoja's work assignments and service requirements and change the number of students Pantoja had, and had the right to terminate Pantoja's employment. Defendant Bechtold monitors Pantoja's online activity and was the person to whom Pantoja was required to make her weekly or monthly reports.

33.     Bechtold completed Pantoja's twice yearly performance reviews and tracked her ongoing professional development.

34.     Pantoja was paid per student on her roster. On a monthly basis, she was compensated $29 per high school student, $16 per middle school student, and $11 per elementary student.

35.     While the exact number of students assigned to her varied at any given time, Pantoja typically had approximately 80 students at a time.

36.     On various occasions, Bechtold told Pantoja and other teachers within the department that if they wanted more students on their rosters, they needed to timely complete all the service work for the department and school, grade all student work within 48 hours, leave good feedback, answer all emails within 24 hours, attend all

1   department meetings, and timely complete any additional work asked of them by the

2   department.

3       37.     Defendants received the benefit of Pantoja's work product, including online

4   videos for Laurel Springs' online library. This work product was entirely uncompensated;

5   teachers were not paid for their work product, which Defendants effectively received for

6   free.

7       38.     The payment provisions of the Agreement between Pantoja and Defendants

8   constituted a valid contract. Defendant offered the terms of the Agreement in writing and

9   Pantoja accepted the agreement in writing on July 1, 2020.

10      39.     By failing to pay Pantoja for her work product, Defendants retained money

11  that in justice and equity belonged to Pantoja. Thus, Defendants unjustly enriched

12  themselves at Pantoja's expense.

13      40.     Despite Pantoja completing all service work and teacher duties and

14  requesting additional students, Laurel Springs opted to hire additional teachers rather than

15  assign her, and other teachers in the department, additional students, thereby limiting

16  their earning capacity.

17      41.     Pantoja's contract with Defendants conferred upon Laurel Springs the

18  discretionary power to assign students. Teachers in Laurel Springs' employ were paid

19  solely based on the number of students they were assigned. Thus, Laurel Springs

20  assumed a duty to exercise that discretion in good faith and in accordance with fair

21  dealing.

22

9

1    42.    Upon information and belief, Defendants claimed that they did not have

2  enough students to assign to their existing teachers but continued to hire new teachers. By

3  hiring more teachers instead of assigning new students to their existing teachers,

4  Defendants increased the amount of uncompensated work product they received from

5  employees without correspondingly increasing employees' pay. Thus, they failed to fairly

6  exercise their contractual discretion. By refusing to assign Pantoja new students,

7  Defendants violated the implied duty of good faith and fair dealing.

8    43.    Pantoja had no control or power to negotiate her pay with Bechtold.

9    44.    Given the number of hours Pantoja worked to complete her teaching and

10  service requirements, she was compensated far under the minimum wage as set by statute

11  in Arizona.

12    45.    In December 2021, Pantoja raised her concern with Bechtold that she was

13  incorrectly classified as an independent contractor and that she should be an employee

14  making at least the minimum wage. During that conversation, Pantoja also mentioned she

15  may have needed to find a second job to supplement her income.

16    46.    As a result of this conversation and in contravention of A.R.S. § 23-364,

17  Bechtold refused to assign Pantoja new students. Bechtold informed Pantoja she could

18  begin receiving new students again when she stopped searching for a new job.

19    47.    Between December 14, 2021 and January 7, 2022, the date Pantoja told

20  Bechtold she stopped searching for a new job, Bechtold did not allow Pantoja to take any

21  new students. Upon information and belief, Pantoja lost out on approximately 48

22  students, reducing her income by anywhere between from $528 to $1,392 per month.

48.     On March 2, 2022, and again on April 25, 2022, Pantoja raised the issue of her inadequate pay and her perception that Defendants were retaliating against her for her December complaint with Bechtold via email.

49.     On June 15, 2022, Defendants fired Pantoja.

**FIRST CLAIM FOR RELIEF**
**Violation of AMWA Minimum Wage Provisions – Against All Defendants**

50.     Pantoja re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

51.     Defendants willfully failed to pay wages at the rate of the Arizona minimum wage, in violation of the AMWA, codified at A.R.S. § 23-363.

52.     Pursuant to A.R.S. § 23-364(F), Defendants are subject to a civil penalty of at least $250 for a first violation and at least $1,000 for each subsequent or willful violation of recordkeeping, posting, or other requirements under A.R.S. § 23-364(F).

53.     Pursuant to A.R.S. § 23-364(H), Pantoja may commence this civil action to enforce the AMWA three years after the last willful violation occurred.  The action may encompass all violations that occurred as a part of a continuing course of conduct by Defendants. *Id.*

54.     Defendants' violation of the AMWA was committed as a matter of a continuing course of employer conduct within the meaning of A.R.S. § 23-364(H).


**SECOND CLAIM FOR RELIEF**
**Violation of the Fair Wages and Healthy Families Act's Paid Sick Time Requirements – Against All Defendants**

11

1      55.     Pantoja re-alleges and incorporates by reference the foregoing paragraphs

2  as if fully set forth herein.

3      56.     Defendants willfully failed to compensate Pantoja for the earned paid sick

4  time she accrued in her time working as an employee.

5      57.     Pursuant to A.R.S. § 23-372(A), employees of an employer with 15 or

6  more employees shall accrue a minimum of one hour of earned paid sick time for every

7  30 hours worked.

8      58.     Pursuant to A.R.S. § 23-364(D), Defendants are required to maintain

9  records showing the earned paid sick time paid to all employees over a period of at least

10  four years.  Failure to do so shall create a rebuttable presumption that Defendants did not

11  pay the minimum earned paid sick time required by law.

12                        **THIRD CLAIM FOR RELIEF**
**Violation of Arizona's Common Law on the Implied Duty of Good Faith and Fair**
13                 **Dealing – Against Laurel Springs Only**

14      59.     Pantoja re-alleges and incorporates by reference the foregoing paragraphs

15  as if fully set forth herein.

16      60.     Pursuant to Arizona's common law, where a contract confers on one party

17  a discretionary power affecting the rights of the other, a duty is imposed to exercise that

18  discretion in good faith and in accordance with fair dealing. *See, e.g., Rawlings*, 726

19  P.2d 565, 569 ("The essence of th[e] duty [that arises from the implied covenant of good

20  faith and fair dealing] is that neither party will act to impair the right of the other to

21  receive the benefits which flow from their agreement or contractual relationships…");

22  *Bike Fashion Corp.*, 46 P.3d 431, 435 ("Arizona law recognizes that a party can breach

1  the implied covenant of good faith and fair dealing both by exercising express discretion

2  in a way inconsistent with a party's reasonable expectations and by acting in ways not

3  expressly excluded by the contract's terms but which nevertheless bear adversely on the

4  party's reasonably expected benefits of the bargain.").

5      61.    The contract between Pantoja and Laurel Springs conferred upon

6  Defendants a discretionary power to impact employees' pay by assigning students. By

7  hiring more teachers instead of assigning new students to existing teachers, Laurel

8  Springs failed to fairly and in good faith exercise that discretion.

9  **FOURTH CLAIM FOR RELIEF**
   **Violation of Arizona's Common Law on Unjust Enrichment – Against Laurel**
10  **Springs Only**

11      62.    Pantoja re-alleges and incorporates by reference the foregoing paragraphs

12  as if fully set forth herein.

13      63.    Pursuant to Arizona's common law, a party benefits from unjust

14  enrichment when it has and retains money or benefits that in justice and equity belong to

15  another. *See, e.g., Trustmark Ins. Co. v. Bank One, Arizona, NA*, 48 P.3d 485 (Ariz. Ct.

16  App. 2002), as corrected (June 19, 2002) ("Unjust enrichment occurs when one party

17  has and retains money or benefits that in justice and equity belong to another").

18      64.    Laurel Springs routinely received the benefits of Pantoja's work product,

19  including, *inter alia*, Pantoja's tutoring of students to whom she was not assigned,

20  instructional videos for all of Laurel Springs' students, and recordings of synchronous

21  classes for current and future use.

22

13

1   65.     Pantoja did not receive any benefits in return for performing the work

2   mentioned in ¶ 62, *supra*.

3   66.     Hence, Laurel Springs has unjustly enriched itself at Pantoja's expense.

4   **FIFTH CLAIM FOR RELIEF**
**Violation of the Retaliation Provision of the Arizona Minimum Wage Act – Against**
5   **All Defendants**

6   67.     Pantoja re-alleges and incorporates by reference the foregoing paragraphs

7   as if fully set forth herein.

8   68.     In December of 2021 and again in April of 2022, Pantoja asserted her

9   rights under the Arizona Minimum Wage Act when she complained to Defendants about

10   their failure to properly compensate her for her work.

11   69.     Defendants took adverse action against Pantoja within 90 days of Pantoja's

12   December complaint by refusing to assign her additional students at any point from that

13   time forward, effectively cutting her pay.

14   70.     Defendants took adverse action against Pantoja within 90 days of Pantoja's

15   April complaint by terminating the Agreement between the Parties on June 15, 2022.

16   71.     Pursuant to A.R.S. § 23-364, by taking adverse action against Pantoja

17   within 90 days of her assertion of rights under the AMWA, Defendants created a

18   presumption of unlawful retaliation.

19   **PRAYER FOR RELIEF**

20   Pantoja prays she recovers the following:

21   A.     An award of unpaid minimum wages in an amount appropriate to proof

22   adduced at trial pursuant and A.R.S. § 23-364(G);

14

1    B.    An award of liquidated damages regarding ¶ A, *supra*, in an amount equal

2  to twice the underpaid minimum wages, pursuant to A.R.S. § 23-364(G);

3    C.    Civil penalties sufficient to compensate Pantoja and deter future violations

4  of the retaliation provisions of the Arizona Minimum Wage Act, in an amount not less

5  than one hundred fifty dollars for each day since the violation occurred, pursuant to

6  A.R.S. § 23-364(G);

7    D.    Civil penalties of at least $250 for a first violation and at least $1,000 for

8  each subsequent or willful violation of recordkeeping, posting, or other requirements

9  under A.R.S. § 23-364(F) and A.R.S § 23-375;

10    E.    Pre- and post-judgment interest on the amount of unpaid wages pursuant to

11  A.R.S. § 23-364(G);

12    F.    Attorneys' fees pursuant to A.R.S. § 23-364(G);

13    G.    Litigation costs pursuant to A.R.S. §§ 12-341 and 23-364(G);

14    H.    In the event Defendants fail to timely satisfy any judgment for Pantoja, an

15  award that Defendants shall pay Pantoja an amount which is treble the amount of the

16  outstanding judgment, with interest thereon, in accordance with A.R.S. § 23-360;

17    I.    A declaratory judgment pursuant to the Uniform Declaratory Judgments

18  Act, A.R.S. § 12-1831, *et seq.*, that Defendants have violated Pantoja's rights, privileges,

19  protections, compensation, benefits, and entitlements under the law, as alleged herein;

20    J.    Such other legal and equitable relief as the Court deems just.

21

22

RESPECTFULLY SUBMITTED this 22nd day of July 2022.

LUBIN & ENOCH, P.C.

/s/ Nicholas J. Enoch
Nicholas J. Enoch
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of July 2022, I electronically filed and transmitted the attached Complaint using the AZ-Turbo Court E-filing Online System.

/s/ Cristina Gallardo-Sanidad

16

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
7/22/2022 9:33:29 AM
Filing ID 14594947

**Plaintiff's Attorneys:**

Nicholas J Enoch - Primary Attorney
Bar Number: 016473, issuing State: AZ
Law Firm: Lubin & Enoch PC
Lubin & Enoch P.c. 349 North Fourth Avenue
Phoenix, AZ 85003
Telephone Number: (602)234-0008
Email address: nick@lubinandenoch.com

Kaitlyn A. Redfield-Ortiz
Bar Number: 030318, issuing State: AZ
Law Firm: Lubin & Enoch PC
Telephone Number: (602)234-0008

Morgan L. Bigelow
Bar Number: 037516, issuing State: AZ
Law Firm: Lubin & Enoch PC
Telephone Number: (602)234-0008

CV2022-009420

**Plaintiff:**

Angela D. Pantoja

**Defendants:**

Laurel Springs School
1615 WEST CHESTER PIKE Suite 200
WEST CHESTER, PA 19382

Lisa Marie Turner Behtold
4035 OLEARY ST APT B
MISSOULA, MT 59808

Brian R. Bechtold
4035 OLEARY ST APT B
MISSOULA, MT 59808

Discovery Tier t2

AZTurboCourt.gov Form Set #7025884

Case Category: Other Civil Case Categories
Case Subcategory: Employment Dispute - Other

AZTurboCourt.gov Form Set #7025884

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
7/22/2022 9:33:29 AM
Filing ID 14594948

Person/Attorney Filing: Nicholas J Enoch
Mailing Address: Lubin & Enoch P.c. 349 North Fourth Avenue
City, State, Zip Code: Phoenix, AZ 85003
Phone Number: (602)234-0008
E-Mail Address: nick@lubinandenoch.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016473, Issuing State: AZ

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Angela D. Pantoja<br>Plaintiff(s),<br>v.<br>Laurel Springs School, et al.<br>Defendant(s). | Case No.  **CV2022-009420**<br><br>**CERTIFICATE OF<br>COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Nicholas J Enoch /s/
Plaintiff/Attorney for Plaintiff

AZturboCourt.gov Form Set #7025884

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
7/22/2022 9:33:29 AM
Filing ID 14594950

Person/Attorney Filing: Nicholas J Enoch
Mailing Address: Lubin & Enoch P.c. 349 North Fourth Avenue
City, State, Zip Code: Phoenix, AZ 85003
Phone Number: (602)234-0008
E-Mail Address: nick@lubinandenoch.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016473, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Angela D. Pantoja
Plaintiff(s),
v.                                                    Case No.  **CV2022-009420**
Laurel Springs School, et al.
Defendant(s).                                         **SUMMONS**

To: Lisa Marie Turner Behtold

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZTurboCourt.gov Form Set #7025884

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *July 22, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *CECILIA CUELLAR*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
7/22/2022 9:33:29 AM
Filing ID 14594951

Person/Attorney Filing: Nicholas J Enoch
Mailing Address: Lubin & Enoch P.c. 349 North Fourth Avenue
City, State, Zip Code: Phoenix, AZ 85003
Phone Number: (602)234-0008
E-Mail Address: nick@lubinandenoch.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016473, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Angela D. Pantoja
Plaintiff(s),
v.
Laurel Springs School, et al.
Defendant(s).

Case No.  **CV2022-009420**

**SUMMONS**

To: Brian R. Bechtold

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson,</u>
   <u>Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's</u>
   <u>approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

AZturboCourt.gov Form Set #70258b4

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *July 22, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *CECILIA CUELLAR*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
7/22/2022 9:33:29 AM
Filing ID 14594949

Person/Attorney Filing: Nicholas J Enoch
Mailing Address: Lubin & Enoch P.c. 349 North Fourth Avenue
City, State, Zip Code: Phoenix, AZ 85003
Phone Number: (602)234-0008
E-Mail Address: nick@lubinandenoch.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 016473, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Angela D. Pantoja
Plaintiff(s),
v.
Laurel Springs School, et al.
Defendant(s).

Case No.  **CV2022-009420**

**SUMMONS**

To: Laurel Springs School

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #7023984

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *July 22, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *CECILIA CUELLAR*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZTurboCourt.gov Form Set #7025884

CLERK OF THE
SUPERIOR COURT
FILED
P. KAVANAGH, DEP

**Forwarded by: Integrity Attorney Services**
**P.O. Box 33123**
**Phoenix, Arizona 85067-3123**

2022 AUG -3 PM 3: 03

| IAS#: | 101374-ds |
|---|---|
| Atty#: 6277-001 | |

## IN THE SUPERIOR COURT OF THE STATE OF
## ARIZONA IN AND FOR THE COUNTY OF MARICOPA

ANGELA D. PANTOJA,
            Plaintiff(s),

vs.

LAUREL SPRINGS SCHOOL, et al.,
            Defendant(s).

Case No: CV2022-009420

**CERTIFICATE OF**
**SERVICE OF PROCESS**

BONITA HALLER, states that I am qualified to serve process in this cause, under the applicable laws of the State of California. I received the following documents in this action:

SUMMONS; COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION; CIVIL COVERSHEET;

From LUBIN & ENOCH, Nicholas J. Enoch, SBN 27113 on 7/26/2022, and in each instance I, personally, served a copy of each document listed above on those named below at the time and place shown, that all services, except where noted, were made within the State of California.

Upon LAUREL SPRINGS SCHOOL, by service upon its Statutory Agent, CORPORATE CREATIONS NETWORK INC, at 4640 Admiralty Way 5th Floor, Marina Del Rey, California 90292, on 7/27/2022 at 1:18 PM, by leaving one set of the above listed documents with Heather Banas, Registered Agent, who is authorized to accept.  Description: Female, Caucasian, 30-35 years old, 5'8", 160 lbs, brown hair, brown eyes.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 28th day of July 2022.

*/s/ Bonita Haller*

/s Bonita Haller, Affiant
Los Angeles County Reg.# 2018029861

Forwarded by: **Integrity Attorney Services**
**P.O. Box 33123**
**Phoenix, Arizona 85067-3123**

| IAS#: | 101376-adn |
|---|---|
| Atty#:  6277-001 | |

CLERK OF THE
SUPERIOR COURT
FILED
P. KAVANAGH, DEP

2022 AUG -9  PM 2: 56

## IN THE SUPERIOR COURT OF THE STATE OF
## ARIZONA IN AND FOR THE COUNTY OF MARICOPA

|  |  |
|---|---|
| ANGELA D. PANTOJA,<br>          Plaintiff(s), | Case No: CV2022-009420 |
| vs. | CERTIFICATE OF<br>SERVICE OF PROCESS |
| LAUREL SPRINGS SCHOOL, et al.,<br>          Defendant(s). | |

DONALD M BRANDA, states that I am qualified to serve process in this cause, under the applicable laws of the State of Montana. I received the following documents in this action:

SUMMONS; COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION; CIVIL COVERSHEET;

From LUBIN & ENOCH, Nicholas J. Enoch, SBN 27113 on 7/26/2022, and in each instance I, personally, served a copy of each document listed above on those named below at the time and place shown, that all services, except where noted, were made within the State of Montana.

Upon BRIAN R. BECHTOLD, personally, at 4035 O'Leary St, Apt B, Missoula, Montana 59808-1907, on 7/28/2022 at 9:47 AM.  Description:  Male, Caucasian, 70 years old, 5'7", 150 lbs, grey hair.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29th day of July 2022.

/s Donald M Branda, Affiant

Forwarded by:  **Integrity Attorney Services**
**P.O. Box 33123**
**Phoenix, Arizona 85067-3123**

| IAS#: | 101375-adn |
|---|---|
| Atty#:  6277-001 | |

CLERK OF THE
SUPERIOR COURT
FILED
P. KAVANAGH, DEP

2022 AUG -9  PM 2: 56

## IN THE SUPERIOR COURT OF THE STATE OF
## ARIZONA IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| ANGELA D. PANTOJA,<br>        Plaintiff(s), | Case No: CV2022-009420 |
| vs. | CERTIFICATE OF<br>SERVICE OF PROCESS |
| LAUREL SPRINGS SCHOOL, et al.,<br>        Defendant(s). | |

DONALD M. BRANDA, states that I am qualified to serve process in this cause, under the applicable laws of the State of Montana. I received the following documents in this action:

SUMMONS; COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION; CIVIL COVERSHEET;

From LUBIN & ENOCH, Nicholas J. Enoch, SBN 27113 on 7/26/2022, and in each instance I, personally, served a copy of each document listed above on those named below at the time and place shown, that all services, except where noted, were made within the State of Montana.

Upon LISA MARIE TURNER BECHTOLD, at her usual place of abode,  at 4035 O'Leary St, Apt B, Missoula, Montana 59808-1907, on 7/28/2022 at 9:47 AM, by leaving one set of the above listed documents with Brian R. Bechtold, husband, a person of suitable age and discretion, residing therein.  Description: Male, Caucasian, 70 years old, 5'7", 150 lbs, grey hair.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29 day of July 2022.

_Donald M Branda_
/s Donald M. Branda, Affiant

# Exhibit 3

**Exhibit 3**

1   Christopher J. Meister, SBN 024974
2   OGLETREE, DEAKINS, NASH, SMOAK &
    STEWART, P.C. SBN 00504800
3   2415 East Camelback Road, Suite 800
    Phoenix, AZ 85016
4   Telephone:  602.778.3700
    Facsimile:  602.778.3750
5   christopher.meister@ogletree.com
6   *Attorneys for Defendants*

7
            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
8
                **IN AND FOR THE COUNTY OF MARICOPA**
9

10  | Angela D. Pantoja, | No. CV2022-009420 |

11               Plaintiff,          **NOTICE OF FILING NOTICE OF
                                     REMOVAL**
12       v.

13  Lisa M. and Brian R. Bechtold, a married
    couple, and Laurel Springs School, a
14  California Corporation,

15               Defendants.
16

17       Defendants Lisa M. Bechtold, Brian R. Bechtold, and Laurel Springs School,

18  (collectively, the "Defendants"), hereby give notice that it has this date removed this case

19  to the United States District Court for the District of Arizona. A copy of the Notice of

20  Removal filed in the United States District Court is attached hereto as Exhibit A.

21       Accordingly, pursuant to 28 U.S.C. § 1446(d), this Court "shall proceed no further

22  unless and until the case is remanded."

23  //

24  //

25  //

26  //

27  //

28  //

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602.778.3700

RESPECTFULLY SUBMITTED this 26th day of August 2022.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: s/ Christopher J. Meister
    Christopher J. Meister, SBN 024974
    2415 East Camelback Road, Suite 800
    Phoenix, AZ 85016
    christopher.meister@ogletree.com
    *Attorneys for Defendants*

Original of the foregoing e-filed with
the Court at www.azturbocourt.gov
and a copy e-served this 26th day
of August, 2022, to:

Lubin & Enoch, P.C.
Nicholas J. Enoch
349 N. Fourth Ave.
Phoenix, AZ 85003
*Attorneys for Plaintiff*


/s/ *Paul A. Manley*